## Commonwealth v. Constabile

*Gerald Solomon*, for Commonwealth.
*Joseph Rygiel*, for defendant.

ADAMS, *J.*, January 15, 1981.—This is an appeal

from a summary criminal conviction under section 3743(a) of the Pennsylvania Vehicle Code, 75 Pa.C.S.A. §3743(a), which reads as follows:

"General rule. 1. The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property which is driven or attended by any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary."

For the reasons discussed below, this court affirms the finding of guilt by District Judge Michael Rubish.

Defendant offers two reasons for his argument that his conviction should be reversed. First, he contends that since this accident occurred on a privately-owned Church parking lot, section 3743(a) does not apply, as it only applies to accidents which occur on a public roadway. Secondly, defendant maintains that he lacked the requisite culpable mental state to be found guilty of violation of this section. Specifically, Mr. Constabile asserts that he did not realize at first that he had struck the other automobile, and that as soon as he was aware of the accident he returned to the scene in compliance with section 3743(a), 75 Pa.C.S.A. §3743(a).

With respect to the first argument, we conclude that the location of the accident is irrelevant to the duty created by this section of the Code. In other words, the driver must comply with the requirements of section 3743 regardless of whether the accident occurs on a private or a public roadway.

The cases cited by defendant to support his position are inapposite: Com. v. Munley, 32 D. & C. 2d 500 (1963), involved a charge of reckless driving under section 1001 of The Vehicle Code of April 29, 1959, P.L. 58, 75 P.S. §1001. The court there held that the "reckless driving" statute did not apply to driving on the grounds of a privately-owned shopping center. However, section 1001 specifically referred to driving upon a "highway," and the court found that the type of roadway involved in that case was "specifically excluded by the definition of 'highway' in The Vehicle Code." 32 D & C. 2d at 501. Similary, the section of The Vehicle Code involved in Com. v. Goldscheiter, 57 D. & C. 490 (1946), 75 Pa.C.S.A. §3743, does not require that the accident occur on a "highway." Therefore, the fact that the accident occurred in a church parking did not excuse defendant from compliance with the requirements of that section.

Looking to the second argument of defendant, we find as a fact that defendant knew that he had struck another vehicle, and that in spite of that knowledge he failed to stop as required by section 3743, 75 Pa.C.S.A. §3743. While defendant stated that he thought he may have hit a pothole, he also testified that one of the passengers in his automobile had said that he thought defendant had struck a car. Rather than stopping to investigate, he drove away and decided to return several minutes later. We feel that in these circumstances there is sufficient basis to infer knowledge on the part of defendant that he had struck an automobile.

Wherefore, the court finds defendant guilty as charged. Defendant is directed to pay the costs of prosecution and to pay a fine in the sum of $100 or upon failure of payment within 30 days of the date of this order to undergo imprisonment in the Fayette County jail for a period of 30 days.